# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| FOOT SOLUTIONS, INC., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:09-CV-1207-JOF |
| GREGORY P. WASHIO and | : |
| ALISHA M. WASHIO, | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to stay arbitration [4] and Defendants' motion to dismiss [9].

Plaintiff, Foot Solutions, Inc., filed a declaratory judgment action against Defendants, Gregory P. Washio and Alicia M. Washio, on May 6, 2009, alleging breach of a Franchise Agreement signed between the parties. Plaintiff avers that in October 2008, the parties entered into a Franchise Agreement with Foot Solutions as the Franchisor and Defendants as the Franchisees of a Foot Solutions store in Boca Raton, Florida. Plaintiff further states that the Franchise Agreement contained certain dispute resolution provisions, but that Defendants ignored those provisions and improperly filed a demand for arbitration with the American Arbitration Association in Atlanta, Georgia. The arbitration demand alleges

AO 72A
(Rev.8/82)

breach of Franchise Agreement, violations of the Franchise Rule, and Florida and Georgia Uniform Deceptive Trade Practices Act statutes, and fraud in the inducement. Plaintiff states that it did not agree to the arbitration and, therefore, it cannot go forward. Plaintiff also claims Defendants breached the Franchise Agreement by unilaterally demanding arbitration without Foot Solutions' consent.

Plaintiff seeks a "declaratory judgment from this court that Defendants are in violation of the Agreement by their arbitration demand and that all claims be resolved in this judicial forum." *See* Cmplt., ¶ 21. Further, Foot Solutions seeks a judgment that "it has not violated the 'Franchise Rule' or any provision" in Florida or Georgia's deceptive trade practices act and that Plaintiff has not committed "fraud in the inducement." Foot Solutions also seeks a court order that Defendants must assert any claims in the federal forum. Finally, Plaintiff asks the court to stay and dismiss the arbitration. Plaintiff's breach of contract claim is based on its allegation that Defendants improperly filed a demand for arbitration instead of seeking relief in court. As the court explains below, there are provisions of the Franchise Agreement which contemplate action in a judicial forum and the Franchisor is permitted to enforce certain of its rights in a judicial forum. However, Plaintiff did not seek to vindicate its rights in court. It did not do anything that would properly seek entitlement to a judicial forum. Because it did not, Defendants were permitted under the terms of the Agreement to demand arbitration. Plaintiff argues this allows a race

2

to the courthouse, but the Franchise Agreement sets up that possibility and Defendants won that race.

Paragraph 22 of the Franchise Agreement deals with conflict resolution. It provides that the:

> sole jurisdiction and venue for any and all court proceedings arising from or relating in any manner to any dispute of any kind or nature whatsoever between Franchisor and Franchisee, arising out of, relating to, concerning, or referencing this Agreement, shall be in, and only in, (i) the Superior Court of Cobb County, Georgia; (ii) the United State[s] District Court for the Middle [sic] District of Georgia, Atlanta Division. Franchisee specifically agrees that such courts shall have personal jurisdiction over Franchisee to enter legal, equitable and/or injunctive relief.

Franchise Agreement, ¶ 22(A). The <u>Judicial Enforcement, Injunction and Specific Performance</u> subsection of the Franchise Agreement continues:

> The Franchisor shall have the right to enforce by judicial process its right to terminate this Agreement for the causes enumerated in Section 16, to collect any amounts owed to the Franchisor for unpaid fees, or other unpaid charges due, arising out of the System conducted by Franchisee; and any rights it may have under any leases, subleases, sale, purchase, security agreements or other agreements with, or notes of Franchisee. The Franchisor shall be entitled without bond to the entry of temporary and permanent injunctions and orders of specific performance enforcing any of the provisions of this Agreement. If the Franchisor secures any such injunction or orders of specific performances, Franchisee agrees to pay to the Franchisor an amount equal to the aggregate of the costs of obtaining such relief, including reasonable attorneys fees, costs of investigation and proof of facts, courts costs, and other litigation expenses and travel and living expenses, and any damages incurred by the Franchisor as a result of the breach of any such provision.

3

AO 72A
(Rev.8/82)

*Id.*, ¶ 22(B). The Arbitration subsection of the Franchise Agreement states:

> Except insofar as the Franchisor elects to enforce this Agreement by judicial process, injunction, or specific performance (as provided), all disputes and claims relating to any provision, any specification, standard or operating procedure, or any other obligation of Franchisee prescribed by the Franchisor, or any obligation of the Franchisor, or breach thereof (including any claim that this Agreement, any provision, specification, standard, or operating procedure or any other obligation of Franchisee or Franchisor, is illegal or otherwise unenforceable or voidable under any law, ordinance, or ruling), shall be settled by arbitration in Atlanta, Georgia, in accordance with the U.S. Arbitration Act [sic], and the Rules of the American Arbitration Association [with certain conditions].

*Id.*, ¶ 22(C).

"Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements." *Employers Insurance of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001). "Federal law counsels that questions of arbitrability, when in doubt, should be resolved in favor of arbitration." *Id.* "Thus, as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." *Id.* Under the Federal Arbitration Act, "no party can be compelled to arbitrate unless that party has entered into an agreement to do so." *Id.* (citing *AT&T Tech., Inc. v. Communication Workers*, 472 U.S. 643, 649 (1986)). *See also Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004).

The dispute resolution mechanism of the Franchise Agreement allows certain issues relating to the enforcement of the Agreement to proceed to court. If a matter proceeds to

4

court, the Franchise Agreement selects the Superior Court of Cobb County, Georgia or the United States District Court for the Northern District of Georgia as the forum. Other than that carve out, conflicts concerning the Franchise Agreement must go to arbitration. The only issues funneled to court are: termination of the Franchise Agreement, collection of unpaid fees, unpaid charges, and "any rights [the Franchisor] may have under any leases, subleases, sale, purchase, security agreements or other agreements with, or notes of Franchisee." *Id.* ¶ 22(A). Otherwise, "all disputes and claims relating to any provision, any specification, standard or operating procedure, or any other obligation of Franchisee prescribed by the Franchisor, or any obligation of the Franchisor, or breach" "shall be settled by arbitration in Atlanta, Georgia." *Id.*, ¶ 22(C).

Here, the Franchisees' issues with Foot Solutions relate to breach of the Franchise Agreement, violations of the Franchise Rule, and Florida and Georgia Uniform Deceptive Trade Practices Act statutes, and fraud in the inducement. These claims do not relate to Foot Solutions' enforcement of the Franchise Agreement. They do not relate to termination of the Franchise Agreement, leases or other agreements of the Franchisee, or unpaid fees or charges. The "other agreements" mentioned in the judicial enforcement subsection do not include the Franchise Agreement because when referenced in the dispute resolution provisions, that Agreement is specifically noted with an "A" or by the term "Franchise Agreement." Because the claims in this dispute do not fall into the category of

5

"enforcement" claims that the Franchisor could elect to bring in court, they are among the claims that – under the terms of the Franchise Agreement – are to be resolved through arbitration.

The court finds, therefore, that Defendants did not breach the Franchise Agreement by submitting their claims to arbitration. The court will not consider Plaintiff's declaratory judgment action with respect to the breach or take any action on Plaintiff's claims of breach of Franchise Agreement, violations of the Franchise Rule, and Florida and Georgia Uniform Deceptive Trade Practices Act statutes, and fraud in the inducement because under the terms of the Franchise Agreement, those claims must be submitted to arbitration. For these reasons, the court DENIES Plaintiff's motion to stay arbitration [4] and GRANTS Defendants' motion to dismiss [9]. The Clerk of the Court is DIRECTED to DISMISS WITHOUT PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED** this 25th day of August 2009.

    /s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)