**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| Foot Solutions, Inc., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-01207-JOF |
| Gregory P. Washio and | : | |
| Alisha M. Washio, | : | |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the court on Defendants' motion for attorney's fees [14].

Plaintiff, Foot Solutions, Inc., filed a declaratory judgment action against Defendants,

Gregory P. Washio and Alicia M. Washio, on May 6, 2009, alleging breach of a Franchise

Agreement signed between the parties with Foot Solutions as the Franchisor and Defendants

as the Franchisees of a Foot Solutions store in Boca Raton, Florida. Plaintiff contended that

the Franchise Agreement contained certain dispute resolution provisions, but that

Defendants ignored those provisions and improperly filed a demand for arbitration with the

American Arbitration Association in Atlanta, Georgia. In its prior order, the court reviewed

the arbitration provisions in the Franchise Agreement and determined that because the

claims in this dispute did not fall into the category of "enforcement" claims that the

Franchisor could elect to bring in court, they were among the claims that are – under the terms of the Franchise Agreement – to be resolved through arbitration. Thus, Defendants' demand for arbitration was not improper and the court dismissed Plaintiff's complaint. Defendants then filed the instant motion seeking attorney's fees under the terms of the Franchise Agreement.

Plaintiff argues that the court cannot award attorney's fees to Defendants because that is a substantive matter which must be considered by the arbitration panel. Alternatively, Plaintiff argues that Defendants are not a "prevailing party" in this situation because the court's order to arbitration did not alter the legal position of the parties. Finally, Plaintiff contends that Defendants have presented no evidence that Defendants actually paid attorney's fees to their counsel.

Defendants respond that the court is authorized to award attorney's fees under the terms of the Franchise Agreement because Defendants succeeded in their efforts to have the matter shifted from a judicial forum to arbitration and thus, they prevailed on the matter. Because the court resolved that issue, Defendants argue it does not make logical sense to have the matter of attorney's fees turned over to the arbitration panel. Finally, Defendants argue that their counsel submitted uncontroverted evidence that Defendants incurred the legal fees and those fees were reasonable and necessary.

2

Generally, under the "American Rule" each party bears its own costs in litigation. *See Woodward v. STP Corp.*, 170 F.3d 1043, 1045 n.3 (11th Cir. 1999) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257-59 (1975)).  In this diversity action, however, Defendants seek attorney's fees according to the terms of the contract and thus the question of entitlement to those fees is governed by the terms of the Franchise Agreement while the procedures for proving those fees is governed by federal law.

Paragraph 22(I) of the Franchise Agreement provides:

> In the event of any legal or administrative proceeding between the Franchisor and Franchisee arising under this Agreement, the prevailing party shall be entitled to recover reasonable attorney [sic] fees and court costs from the other.

*See* Franchise Agreement, ¶ 22(I).

In *Frazier v. Johnson*, 2009 WL 331372 (M.D. Fla. Feb. 10, 2009) (Kovachevich, J.), the court addressed this issue of whether a party succeeding on a motion to compel arbitration could be considered a "prevailing party."  There, the district court had granted the defendants' motion to compel arbitration because the parties' purchase agreement contained a valid arbitration agreement.  The defendants then filed a motion for attorney's fees based on their status as a prevailing party under the agreement.  The court noted that the phrase "prevailing party" is generally defined as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . ., [a]lso termed *successful party*."  *Id.* (citing *Buckhannon Bd. & Care Home, Inc. v. West Virginia Department of*

*Health*, 532 U.S. 598, 603 (2001) (emphasis in original). The *Frazier* court then noted that in *Sole v. Wyner*, 551 U.S. 74 (2007), the plaintiffs had obtained a preliminary injunction that allowed plaintiffs to put on a nude demonstration at a state beach. Thereafter, plaintiffs lost on the merits of the challenge to the underlying state law. Nonetheless, plaintiffs sought attorney's fees as prevailing parties for the purpose of their motion for preliminary injunction. The Supreme Court found that plaintiffs were not prevailing parties because the "touchstone" of the prevailing party inquiry is the "material alteration of the legal relationship of the parties." *Id.* at 82 (citing *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (plaintiff must "receive at least some relief on the merits of his claim before he can be said to prevail")). The Supreme Court found that the plaintiff was "not a prevailing party . . . for her initial victory was ephemeral." *Id.* at 86.

The court finds the reasoning of *Frazier* persuasive. While Defendants here have succeeded in having Plaintiff's claims turned to arbitration, there is no information yet on whether Defendants have achieved more than this procedural victory. There is no information in the record that the arbitration panel has reached any determination on the merits of the parties' dispute. *See also Pitchford v. Oakwood Mobile Homes, Inc.*, 212 F. Supp. 2d 613, 618 (W.D. Va. 2002) ("Prevailing on preliminary procedural matters, however, does not establish a litigant as a prevailing party so as to take advantage of statutory fee shifting provisions."); *Gossett v. Porsche Cars North America, Inc.*, 2006 WL

4

3007384 (D.S.C. Oct. 20, 2006) (declining to award attorney's fees on "prevailing party" basis where court dismissed certain defendants for lack of personal jurisdiction).

For this reason, the court DENIES WITH LEAVE TO RENEW Defendants' motion for attorney's fees [14].

**IT IS SO ORDERED** this 24th day of November 2009.


_____/s   J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)